IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONNIE WILLIAMS, #239 426, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-110-MHT |
| | ) | [WO] |
| BRIDGETT TYNER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 42 U.S.C. § 1983 amended complaint filed by Plaintiff, an inmate in the custody of the Alabama Department of Corrections. Doc. 20. On March 23, 2016, the court directed Plaintiff to file an amendment to his amended complaint which specified the claim on which he wished to proceed and the defendant(s) against whom he wished to proceed. Doc. 32. Plaintiff complied with the March 23 order by filing an amendment to the amended complaint March 30, 2016. Doc. 34. In his amendment, Plaintiff indicates his desire to proceed in this action regarding his challenge against Defendant Myers, along with two additional defendants (Ms. Richie and Mr. Hampton), on the ground these defendants have denied him access to the courts in retaliation for his litigation activities. *See* Docs. 20, 34.

In light of the foregoing, and in accordance with the terms of the court's March 23, 2016, order, the court concludes Plaintiff's amended complaint against Bridgett Tyner and Kevin Genous regarding his allegation these individuals improperly classified him because their decisions were based on the identity of another inmate, is due to be dismissed without prejudice to Plaintiff's right to file a separate civil action.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's amended complaint (Doc. 20) against Defendants Tyner and Genous be DISMISSED without prejudice to Plaintiff's right to file a separate civil action against these individuals;

2. Defendants Tyner and Genous be DISMISSED as parties to the complaint;

3. This case against Defendants Myers, Richie, and Hampton be referred to the undersigned for further proceedings.

It is further

ORDERED that Plaintiff may file any objections to this Recommendation **on or before May 12, 2016**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 27th day of April 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE